**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JENNIFER GRUBE,** | : | **NO. 04-CV-2402** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KIDSPEACE,** | : | |
| | : | **HON. LAWRENCE F. STENGEL** |
| **Defendant** | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
**WITH AFFIRMATIVE DEFENSES**

**AND NOW,** comes Defendant, KidsPeace, by and through its attorneys, Heimbach,

Spitko & Heckman and files this Answer to Plaintiff's Complaint with Affirmative Defenses,

and in support thereof, Answering Defendant avers as follows:

1.      Admitted, upon information and belief

2.      Denied.  The address of Defendant set forth in this paragraph is incorrect.

3.      Admitted.

4.      Admitted.

5.      Denied.  It is specifically denied that Plaintiff always had an excellent work

record.

6.      Admitted in part/denied in part.  It is admitted only that Plaintiff was presented an

intermittent performance review in 2002.  The remaining averments of this paragraph are denied

and strict proof is demanded at the time of trial.

1

7.      Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  For further answer, Plaintiff has not alleged a retaliation action under the ADA.

8.      Admitted in part/denied in part.  It is admitted only the Plaintiff sent a memorandum to Mr. Biolsi.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to forma belief as to the truth of the remaining averments of this paragraph and strict proof is demanded at the time of trial.

9.      Admitted in part/denied in part.  It is admitted only that Plaintiff requested intermittent FMLA leave in August 2002.  The remaining averments of this paragraph are denied.

10.      Admitted in part/denied in part.  It is admitted only that Plaintiff received preliminary approval in August 2002 for FMLA leave pending receipt of her medical documentation of a serious health condition.  The remaining averments of this paragraph are denied.

11.      Admitted.

12.      Admitted in part/denied in part.  It is admitted only that Plaintiff was informed on August 28, 2004 that she would be terminated on some future date.  The remaining averments of this paragraph are denied and strict proof is demanded at the time of trial.

13.      Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, it is specifically denied that Plaintiff was replaced with a male employee.

14.      Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, these averments are denied and strict proof is demanded at the time of trial.

15      Denied.  After reasonable investigation Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Plaintiff's beliefs and strict proof is demanded at the time of trial.  To the extent that a response is required, it is denied that Dan Kasperkoski took over all of Plaintiff's job functions and duties.

16.      Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent that a response is required, after reasonable investigation Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Plaintiff's beliefs and strict proof is demanded at the time of trial.

17.      Admitted in part/denied in part.  It is admitted only that Defendant had just cause to terminate Plaintiff.  The remaining averments of this paragraph are denied as conclusions of law requiring no response.

18.      Denied.  The averments of this paragraph constitute conclusions of law requiring no response.

## COUNT I
## (TITLE VII)

19.      Answering Defendant incorporates by reference, Paragraphs 1 through 18, above, as if the same were alleged fully at length herein.

20.      Denied.  The averments of this paragraph constitute conclusions of law requiring no response.

21.      Denied.  It is specifically denied that Defendant did not have a justifiable reason for terminating Plaintiff's employment

22.      Denied.  It is specifically denied that Plaintiff could not be terminated for reasons arising from her job performance.

3

23.     Denied. After reasonable investigation Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at the time of trial.  For further answer, the averments of this paragraph constitute conclusions of law requiring no response.

24.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at the time of trial.

**WHEREFORE,** Answering Defendant, KidsPeace, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, together with all reasonable attorneys fees, interest and costs.

## COUNT II
### (ADA)

25.     Answering Defendant incorporates by reference Paragraphs 1 through 24, above, as if the same were set forth fully at length herein.

26.     Denied.  After reasonable investigation Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Plaintiff's beliefs and strict proof is demanded at the time of trial..

27.     Denied. After reasonable investigation Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Plaintiff's beliefs and strict proof is demanded at the time of trial.  For further answer, the averments of this paragraph constitute conclusions of law requiring no response.

28.     Denied.  After reasonable investigation Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Plaintiff's beliefs and strict proof is demanded at the time of trial.  For further answer, the averments of this paragraph constitute conclusions of law requiring no response.

29.     Denied.  After reasonable investigation Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Plaintiff's beliefs and strict proof is demanded at the time of trial.  For further answer, the averments of this paragraph constitute conclusions of law requiring no response. To the extent a response is required, it is denied that Defendant regarded Plaintiff as having an impairment.

30.     Denied. After reasonable investigation Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Plaintiff's beliefs and strict proof is demanded at the time of trial.  For further answer, the averments of this paragraph constitute conclusions of law requiring no response.

31.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, it is specifically denied that Defendant discriminated against Plaintiff because of any alleged perception of her purported disability.

32.     Denied. After reasonable investigation Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at the time of trial.  For further answer, the averments of this paragraph constitute conclusions of law requiring no response.

33.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, Defendant specifically denies that it engaged in malicious, wanton and/or willful conduct with regard to the Plaintiff.

**WHEREFORE,** Answering Defendant, KidsPeace, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, together with all reasonable attorneys fees, interest and costs.

### COUNT III
### (Title VII - Retaliation)

34.     Answering Defendant incorporates by reference Paragraphs 1 through 33, above, as if the same were set forth fully at length herein.

35.     Admitted, upon information and belief.

36.     Admitted.

37.     Admitted.

38.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, it is denied that Plaintiff's April 23, 2002 memorandum raised any possible issues of gender discrimination or that her termination was in any way related to gender discrimination.

39.     Denied. After reasonable investigation Answering Defendant is without knowledge to information sufficient to form a belief as to the truth of the averments of Plaintiff's beliefs and strict proof is demanded at the time of trial.  For further answer, the averments of this paragraph constitute conclusions of law requiring no response.  Additionally, Plaintiff has failed to plead a retaliation claim under the ADA.

40.     Admitted.

41.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response. For further answer, Plaintiff has failed to plead any claim in this action under the 29

U.S.C. § 621 and the Plaintiff did not allege age discrimination in her EEOC charge of discrimination.

42.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.

43.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, Defendant denies any intentional wrongdoing and/or retaliatory conduct.

44.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's beliefs and strict proof is demanded at the time of trial.  Defendant specifically denies that it retaliated against Plaintiff.

45.     Denied. After reasonable investigation Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at the time of trial.  For further answer, the averments of this paragraph constitute conclusions of law requiring no response.


46.     Denied. The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, Defendant denies that it engaged in any malicious, wanton and/or willful conduct regarding the Plaintiff.

**WHEREFORE,** Answering Defendant, KidsPeace, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff together with all reasonable attorneys fees, interest and costs.

## COUNT IV
## (FMLA)

47.     Answering Defendant incorporates by reference Paragraphs 1 through 46, above, as if the same were set forth fully at length herein.

48.     Admitted.

49.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.

50.     Denied.  Defendant specifically denies that it retaliated against Plaintiff for her taking FMLA leave.

51.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at the time of trial.

52.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's beliefs and strict proof is demanded at the time of trial.

53.     Denied.  Defendant specifically denies that it willfully or intentionally violated the FMLA.

54.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at the time of trial.

**WHEREFORE,** Answering Defendant, KidsPeace, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff together with all reasonable attorneys fees, interest and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each count thereof fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's causes of action may be barred by the doctrine of waiver, estoppel or laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff may be barred from pursing the allegations in this Complaint because she failed in whole or in part to satisfy the conditions precedent to jurisdiction with this Honorable Court.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff may be barred from pursuing the allegations in this Complaint because she failed in whole or in part to satisfy the conditions subsequent to establishing jurisdiction with this Honorable Court.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege a prima facie case of violation of Title VII, the ADA and/or the FMLA.

### SIXTH AFFIRMATIVE DEFENSE

This Honorable Court is without jurisdiction as to those matters occurring outside the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant acted at all times for lawful, legitimate non-discriminatory reasons.

### EIGHTH AFFIRMATIVE DEFENSE

9

Plaintiff failed to sufficiently allege and/or prove that Defendant's legitimate reasons for its actions were pretextual.

## NINTH AFFIRMATIVE DEFENSE

Defendant's actions were privileged and with justification.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's actions may be barred by the doctrine of unclean hands because of her own misconduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages.

## TWELFTH AFFIRMATIVE DEFENSE

This Honorable Court is without jurisdiction as to those matters for which no charge of discrimination was filed with the Equal Employment Opportunity Commission.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Honorable Court is without jurisdiction over those matters that occurred outside the time period during which discriminatory acts were alleged to have occurred in the charge of discrimination filed with the Equal Employment Opportunity Commission.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead any claims under the ADEA.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a retaliation claim under the ADA.

**WHEREFORE,** Answering Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff together with all reasonable attorneys fees, interest and costs.

Respectfully submitted,

HEIMBACH, SPITKO & HECKMAN

By_____
             Sean M. Hart, Esquire
             I.D. No. 82084
             535 Hamilton St., Suite 200
             Allentown, PA 18101
             (610) 821-7000

Attorneys for Defendant,
KidsPeace

Date:   September ___, 2004

N:\Documents\KidsPeace\00004 Grube Litigation\Defendant's Answer to Plaintiff's Complaint w-affirmative defenses.wpd

11

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JENNIFER GRUBE,** | : | **NO. 04-CV-2402** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KIDSPEACE,** | : | |
| | : | **HON. LAWRENCE F. STENGEL** |
| **Defendant** | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I, Sean M. Hart, Esquire, hereby certify that a true and correct copy of the Answer was

served upon the following person(s) by first class mail on September ___, 2004.

Donald P. Russo, Esquire
117 East Broad Street
P.O. Box 1890
Bethlehem, PA   18018

Counsel for Plaintiff

HEIMBACH, SPITKO & HECKMAN

By_____
          Sean M. Hart